UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

COREY JERRY PRITCHETT,        )
                              )   2: 14-cv-00182-PK
            Petitioner,       )
                              )
       v.                     )
                              )   FINDINGS AND RECOMMENDATION
JERI TAYLOR,                  )
                              )
            Respondent.       )

Anthony D. Bornstein
Assistant Federal Public Defender
101 SW Main Street, Suite 1700
Portland, Oregon 97204

   Attorney for Petitioner

Frederick M. Boss
Deputy Attorney General
Kristen E. Boyd
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301

   Attorneys for Respondent

PAPAK, Magistrate Judge.

Petitioner Corey Jerry Pritchett brings this habeas corpus action pursuant to 28 U.S.C. § 2254 and challenges his convictions and sentence for theft, theft of services and securities fraud/ violations. For the reasons set forth below, the Amended Petition for Writ of Habeas Corpus [27] should be denied, and Judgment should be entered dismissing this action with prejudice.

## PROCEDURAL BACKGROUND

On September 11, 2007, the Clackamas County Grand Jury returned an indictment charging Pritchett with four counts of Theft in the First Degree, eight counts of Securities Fraud, four counts of Selling an Unregistered Security, four counts of Sale of Securities by an Unlicensed Person, four counts of Negotiating a Bad Check and one count of Theft of Services. Respondent's Exhibit 102. The trial court convicted Pritchett on four counts of Theft in the First Degree, one count of Theft of Services and fourteen (14) counts of Securities Fraud/Violations. Through a combination of concurrent and consecutive sentences, the sentencing court ultimately imposed a sentence totaling 65 months. Respondent's Exhibit 101.

Pritchett directly appealed his convictions and sentence. On the second appeal, the Oregon Court of Appeals affirmed the trial court without a written opinion, and the Oregon Supreme Court denied review. State v. Pritchett, ___ Or. App. ___, ___ P.3d ___

(2011), *rev. denied* 349 Or. 644, 249 P.3d 1282 (2011); Respondent's Exhibits 110-114.

Pritchett next filed for post-conviction relief ("PCR") in state court. The PCR trial court denied relief on his PCR Petition. *Pritchett v. Franke*, Umatilla County Circuit Court Case No. CV110578. On appeal, the Oregon Court of Appeals affirmed without a written opinion, and the Oregon Supreme Court denied review. *Pritchett v. Franke*, 256 Or. App. 857, 303 P.3d 1016 (2013), *rev. denied* 354 Or. 490, 317 P.3d 255 (2013); Respondent's Exhibits 142-152.

On February 3, 2014, Pritchett filed this action. His claim for relief as set forth in his Amended Petition [27] is as follows:

Ground One. Petitioner was denied his right to the effective assistance of counsel in violation of the Sixth and Fourteenth Amendments when his trial counsel failed to adequately inform him about the nature and effect of a stipulated facts trial.

Respondent asks the Court to deny relief on the Amended Petition because: (1) the claim is procedurally defaulted and the default is not excused; and (2) even assuming Pritchett fairly presented the claim to the Oregon courts, it was denied in a state court decision entitled to deference.

///
///
///
///

3 - FINDINGS AND RECOMMENDATION

## DISCUSSION

I. **Exhaustion and Procedural Default**

   A. **Standards**

   A habeas petitioner must exhaust his claims by presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

   A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a

claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

### B. Analysis

The parties' dispute over whether Pritchett's claim was fairly presented to the Oregon courts notwithstanding, in this instance, because it is easier to address the merits of his claim rather than the procedural issues, the Court elects to bypass the procedural default issue. *See Lambrix v. Singletary*, 520 U.S. 518, 524-25 (1997)(federal habeas court may bypass question of procedural default to deny claim on merits); 28 U.S.C. § 2254(b)(2) ("An application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

## II. Merits

### A. Standards

An application for writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an

unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct and Pritchett bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct legal principle from [the Supreme Court's] decisions, but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id.* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id.* at 409.

The Supreme Court has established a two-part test to determine whether a petitioner has received ineffective assistance of counsel. First, the petitioner must show that his lawyer's performance fell below an objective standard of reasonableness.

*Strickland v. Washington*, 466 U.S. 668, 686-687 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id.* at 689.

Second, the petitioner must show that his lawyer's performance prejudiced the defense. The appropriate test for prejudice is whether the defendant can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id.* at 696.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996's ("AEDPA") deferential standard of review, the key question in analyzing an ineffective assistance of counsel claim brought by a state prisoner is whether the state court's application of *Strickland* was unreasonable. *Harrington v. Richter*, 131 S.Ct. 770, 785 (2011). "This is different from asking whether defense counsel's performance fell below *Strickland*'s standard ... A state court must be granted a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* AEDPA requires a "doubly deferential" review of a state prisoner's ineffective assistance of counsel claim. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1410-11 (2011)(citation omitted). The federal habeas court must show

deference both to the state court which previously reviewed the claim, and also to trial counsel him or herself.

B.  **Analysis**

**Pritchett was denied his right to effective assistance of counsel in violation of the Sixth and Fourteenth Amendments when his trial counsel failed to adequately inform him about the nature and effect of a stipulated facts trial (Ground One)**

According to Pritchett, due to his counsel's failure to adequately inform him, he did not fully understand the procedures involved with a stipulated facts trial and he proceeded on a confused description by counsel of what it entailed. Pritchett maintains that there is a reasonable probability that had counsel provided effective assistance in this regard, he would have opted for a bench or jury trial.

On the merits, respondent argues: (1) that given counsel was acting in the capacity of a legal advisor at the time Pritchett opted to proceed on a stipulated facts trial, Pritchett has no claim here because he cannot raise an ineffective assistance of counsel claim against a legal advisor;[1] and (2) that even if counsel represented Pritchett at the time he elected to proceed via a stipulated facts trial, the PCR court's determinations that Pritchett knew what a stipulated facts trial meant and that he

---

[1] Because the Court concludes Pritchett cannot prevail on the merits of his ineffective assistance of counsel claim, it declines to address the question whether counsel acted only as a legal advisor at the time Pritchett opted to proceed on a stipulated facts trial.

8 - FINDINGS AND RECOMMENDATION

failed to present sufficient evidence of any inadequacy or any prejudice as to any claim, is entitled to deference by this Court.

In denying Pritchett's claim, the PCR trial court made the following pertinent findings and conclusions:

1. Petitioner was pro se at all times, except for day of trial when his legal advisor stepped in as attorney for purpose of the stip facts trial.

2. Stipulation was agreement as to what the witnesses would say if called at trial - not that it was true or that petitioner agreed with it. (petitioner had just been sentenced in Mult Co on cases from same behavior, so knew what cases were about).

\* \* \*

5. PET knew exactly what stip facts trial meant. On the record, the attorney explained what the choices pet had. The court inquired of pet and during the entire case gave him a chance to ask questions, argue motions etc. Even through the time of sentencing, pet disagrees with the rulings and verdicts but never says he didn't understand the process. The facts used were those in the police reports - no surprises.

6. There is insufficient evidence of any inadequacy or any prejudice as to any claim.

Respondent's Exhibit 141, p. 3.

Moreover, Pritchett's counsel averred during the PCR proceedings as follows:

\* \* \*

2. I did not represent petitioner. Rather, I was appointed to serve as his advisor. When I first met him at the Coffee Creek prison, we discussed this role and what it meant.

3. Petitioner clearly wanted to run the show and wanted me to serve as a resource person only. He requested that I file with the court all papers that he sent me. He

>                    made clear that he would stand before the court to speak
>                    for himself.
>
>               4.   During our first meeting, I explained court procedures
>                    and rights to the petitioner. During that meeting, he
>                    demonstrated that he understood his rights and how the
>                    court worked.
>
>                                           * * *
>
>               6.   On May 12, 2008, we appeared for a hearing on
>                    petitioner's motion to continue, which was denied.
>                    I then had a meeting with the prosecutor, who discussed
>                    with me options to relay to petitioner.
>
>               7.   Thereafter, I conferred with petitioner and thoroughly
>                    explained the options and risks associated with the
>                    following: a full trial, open sentencing, a plea of
>                    guilty, a stipulated sentence, a plea of no contest, the
>                    State agreeing to cap the length of the recommended
>                    sentence, the pursuit of motions, and a stipulated facts
>                    trial. Petitioner elected to take the last option.
>                    I fully explained what a stipulated facts trial means.
>                    I fully explained petitioner's right to offer his own
>                    evidence and witness information. Again, petitioner
>                    chose to run the show. He made all decisions for
>                    himself.

Respondent's Exhibit 120, pp. 1-2.

The Court has carefully reviewed the relevant portions of the transcript and concludes there is adequate support in the record for the PCR court's finding that Pritchett knew what a stipulated facts trial meant. First, in accepting Pritchett's waiver of a jury trial, the court explained the difference between a jury trial and a bench trial where the court, not a jury, would hear the evidence, listen to arguments and make a determination about what the facts are based on the evidence and then decide guilt or innocence on each charge.

In contrast, counsel described how a stipulated facts trial would proceed:

> [T]he prosecutor would take the elements of the witnesses expected testimony, certify to the Court that were the witnesses called to testify, they would testify to the following, reiterate that information to the Court.
>
> That [the court] would then determine whether that was sufficient to prove the charges that are specified in the indictment. Expecting that [the court] would, in fact, make that finding, because that evidence comes in unopposed by us at this juncture.
>
> * * *
>
> So yesterday we waived the right to jury trial. He's basically then asked me to monitor and -- and make sure that the stipulated facts portion of this case proceeds according to the law and that it's done properly.
>
> And understands and expects that [the court] will, as a result of hearing those reiterations of the witness statements, enter findings of guilty as to the -- the charges, and that sentencing will take place immediately thereafter.
>
> So we talked about the procedure and he understands that while it's not ideally the way he wished this trial to go, that it's practically the best way to protect his rights at this juncture.

Respondent's Exhibit 103, pp. 262-64.

Pritchett then acknowledged that he understood what his attorney said and that he was "reluctantly" in agreement with it. The court then questioned Pritchett about his understanding of a stipulated facts trial:

> So you understand the State is simply going to be reciting what they would believe -- the witnesses would testify to based upon the statements they have; that they would not be present in court. We wouldn't be able to see and observe those witnesses.

11 - FINDINGS AND RECOMMENDATION

> Mr. Gray would not be able to cross-examine those witnesses. And that I would base my decision on evidence presented in that way from the state and evidence you presented as well.

*Id.* at pp. 264-65.

Pritchett points to the prosecutor's inexperience with stipulated facts trials and the court's suggestion that Pritchett would be able to introduce his own evidence at trial as proof that the process was not clearly or adequately communicated to him. This argument notwithstanding, the record makes clear that counsel and the court advised Pritchett on the key aspects of a stipulated facts trial. Moreover, despite his engagement throughout the trial, Pritchett did not object to the *process* surrounding his stipulated facts trial or otherwise suggest it was other than what he had agreed to.

To the extent Pritchett did misunderstand whether he would be allowed to challenge the stipulated evidence presented by the State or that he would be permitted to introduce unstipulated to evidence of his own, he cannot attribute such misunderstanding to counsel. Counsel made clear that the court would base its ruling on the "represented evidence that's been stipulated to as would be testified to and that the rest is legal argument". In addition to counsel's assertion, this exchange was had between the court, the prosecutor and Pritchett:

///

///

12 - FINDINGS AND RECOMMENDATION

THE COURT: Okay.

MR. WEBER: I do agree with that and I have no problem with Mr. Pritchett making legal argument. But as far as facts, I agree that that was the stipulation made, Mr. Gray just said.

THE COURT: All right. I'd like to take closing argument. And the way to do that is if the State would make a closing argument, I'll then give you and Mr. Gray an opportunity to make closing argument.

MR. PRITCHETT: Right.

THE COURT: That isn't an opportunity to present new evidence. It's simply the time to argue how the facts that have been presented relate to the charges, that is to the law in this case.

MR. PRITCHETT: Right.

* * *

MR. PRITCHETT: Okay. I'll wait 'cause I have some objections (indiscernible) for the record.

Respondent's Exhibit 103, pp. 319-20.

Thereafter, counsel again summarized his understanding of how the court should proceed:

> Well, having stipulated that that - that the witnesses would testify consistent with the statements made on the record here today, simply concedes that that's what the testimony would be.
>
> It still remains the province of the Court to determine whether each and every material element of each charge has been proven, including whether or not it's been proven to fall within the -- venue of the Court within the statute of limitations and whether the legal definitions required to prove them have, in fact, been met.

Respondent's Exhibit 103, pp. 329-30.

13 - FINDINGS AND RECOMMENDATION

Pritchett suggests the fact that counsel and the court had to repeatedly remind him that he could not provide defense evidence supports his argument that Pritchett misapprehended the process involved with a stipulated facts trial. However, when the court allowed Pritchett to present his closing arguments, despite characterizing them as "objections", he primarily focused on legal argument, e.g., whether the trial court had jurisdiction over certain charges, whether certain charges were part of the same criminal episode, the legal definition of securities and whether he had been given constitutionally fair notice of what constituted illegal conduct. Accordingly, on whole, Pritchett's closing arguments lend support to the PCR court's determination that Pritchett knew what a stipulated facts trial involved, including the fact that the court's role was to assess whether the stipulated facts presented by the State were legally sufficient to convict Pritchett on each of the individual counts.

Pritchett further suggests that counsel could not have adequately advised him whether to proceed on a stipulated facts trial because counsel, by his own admission, was not familiar with the details of the case. The Court should reject this argument. In arguing Pritchett's motion for a continuance, counsel emphatically stated that due to the fact that he had been acting as Pritchett's legal advisor only, counsel was not prepared to take Pritchett's case to trial the next day. Pritchett was fully aware counsel lacked familiarity with the details of his case when he

14 - FINDINGS AND RECOMMENDATION

opted to proceed on a stipulated facts trial. Moreover, as the court made clear, Pritchett's predicament, i.e., the fact he found himself on the eve of trial without counsel prepared to try his case, was one of his own making through his failure to heed the court's repeated advice and warnings to have an attorney represent him in this complex matter. In response to counsel's assertion on the day of the stipulated facts trial that he would take over as counsel to take charge of the process, the court advised Pritchett:

> And you understand that if he's going to be acting as your attorney, he hasn't had the opportunity to review all the discovery and prepare the case, so he's operating at a disadvantage in this case?

Respondent's Exhibit 103, p. 252.

Finally, Pritchett relies on *Brookhart v. Janis*, 384 U.S. 1 (1966) to argue that Pritchett never knowingly or voluntarily agreed to a proceeding wherein he would inexorably be found guilty on most of the charges. At issue in *Brookhart* was the question whether the petitioner there had waived his constitutional right to confront and cross-examine the witnesses against him. In that case, petitioner's counsel presented the court with signed jury waivers and the court confirmed with petitioner that he signed them. Then counsel advised the court that the matter was before it on a prima facie case. Counsel and the court agreed that a prima facie case is where the defendant in effect admits his guilt and wants the state to prove it. In response, petitioner stated, "I would like to point out I am in no way pleading guilty to this

15 - FINDINGS AND RECOMMENDATION

charge." He then complained about the hardship of his jail time, prompting the court to tell him he had to choose between a prima facie case or a complete trial. Petitioner's counsel, not petitioner himself, answered prima facie. Examining these facts, the Supreme Court held that counsel could not waive petitioner's constitutional rights in that way and determined that "petitioner had neither personally waived his right nor acquiesced in his lawyer's attempted waiver." *Id.* at 8.

The facts here are distinguishable from those in *Brookhart*. First, having been advised that he would not be able to confront or cross-examine the witnesses against him and that the court would likely find him guilty in a stipulated facts trial, Pritchett *personally* agreed to proceed with such a trial. Moreover, while he now makes much of passing indications by the court and counsel that he would be permitted to introduce evidence of his own--assertions seemingly at odds with other representations stating the court would decide the case on the stipulated facts presented by the State and legal argument, the record reveals that the very reason Pritchett "reluctantly" opted for a stipulated facts trial was that neither he nor counsel was adequately prepared to present evidence in Pritchett's defense. Accordingly, on this record, Pritchett cannot show either that counsel rendered ineffective assistance in advising Pritchett as to the process involved in a stipulated facts trial or that, given neither he nor his counsel was prepared to try

the case, had counsel better advised him as to the process, he would have opted for a jury or bench trial.

Based on the foregoing, the Court concludes that Pritchett has failed to meet his heavy burden under AEDPA of demonstrating that the PCR court's denial of this claim, based on its conclusions that trial counsel rendered constitutionally adequate assistance and that Pritchett failed to demonstrate he was prejudiced by any failure on counsel's part to better advise him on the procedures of a stipulated facts trial, involved an unreasonable determination of the facts or was contrary to or involved an unreasonable application of *Strickland v. Washington*.

## RECOMMENDATION

Based on the foregoing, the Amended Petition for Writ of Habeas Corpus [27] should be DENIED, and judgment should enter DISMISSING this case with prejudice.

In addition, the district judge should certify that Pritchett has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2). This case is not appropriate for appellate review.

## SCHEDULING ORDER

The Findings and Recommendations will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under

advisement on that date. If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

DATED this 23rd day of February, 2016

*/s/ Paul Papak*
Paul Papak
United States Magistrate Judge